The opinion of the Court was delivered by
Pocilio, J.
Plaintiff resists the execution of a mortgage securing a note of $4,000, executed by him on August 5th, 1867, and rests his injunction on the following grounds :
1. That the mortgage being a joint contract in favor of Henry S. Utz and Lovell Utz, neither one has the right to proceed alone.
2. That Lovell Utz has shown no cause of action for executory process.
3. The extinction of the debt by the prescription of five years.
First. The act of mortgage itself answers the first ground. It was intended, as it purports, to secure two notes: one described as the property of Henry S. Utz, and tlie other now sued on as the property of the defendant in this case. The mortgage, therefore, enured to the benefit of each note separately, and clearly recognized the power of either mortgagee to enforce his rights at his option, without reference to, or joinder of, the other mortgagee.
Second. The second ground is manifestly frivolous, and has not even been pressed on appeal, as the seized debtor evidently relies solely on bis plea of prescription.
Third. As the note is prescribed on its face, the defendant concedes that he has the burden of proving an interruption of prescription.
In order to accomplish this he offers his own testimony, showing repeated acknowledgments of the debt by plaintiff, beginning at the first year after the execution of the note, renewed every year until the time of filing his suit in executory process, and he also offers the testimony of several other witnesses who, in our opinion, fully corroborate his evidence on every material point.
True that testimony is flatly contradicted by plaintiff, who swears that he has never made an unqualified acknowledgment of his indebtedness on the score of this note.
But the preponderance of the evidence largely weighs in favor of defendant’s position, and proves conclusively to our minds a valid and legal interruption of prescription on the note in suit, l>y acknowledgments of the debtor, by a part payment made in 1870, and by acknowledgments made to third parties in 1872 and in 1875.
*754 It is no longer an open question in our jurisprudence, that such acknowledgments, even when made to third persons and not in the presence of the creditor, operate a valid, legal and binding interruption of prescription. C. C. 3519; C. C. 3552; 2 A. 314, Erwin vs. Lowry; 3 A. 324, Succession of Harrell.
. Plaintiff contends that written proof alone is admissible to show interruption of prescription, and lie relies on the decision in 21 A. 293, Offut vs. Chapman.
. But that decision, which is predicated on Act No. 208 of 1858, now Art. 2278 of our Civil Code, does not bear him out, for it treats of an attempt to show, by parol testimony, an acknowledgment of a debt evidenced by writing after prescription had acquired on the note.
: A broad distinction exists between acts of a debtor which have the effect of interrupting prescription, while it is running, but before it has been reached or acquired, and acts of a debtor, having for object to talce a debt out of prescription, after it has been acquired.
In this case, the first act of acknowledgment of the debt by plaintiff is alleged to have accrued in 1868, the second inT870, long before the year 1872, during which prescription would have acquired, if not previously interrupted.
The judgment of the lower court was- in favor of plaintiff, and is erroneous.
It is, therefore, ordered, that the judgment appealed from be annulled, avoided and reversed ; and it is now ordered, adjudged and, decreed, that plaintiff’s injunction be dissolved, and his action dismissed at his costs, in both Courts.
Rehearing refused.